## TURNER vs. COLLINS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.

The petitioner placed in the hands of the defendant's partners a set of Rees Cyclopedia, in order to have the same bound, and under the engagement that they should be returned in a reasonable time. He avers that the engagement has not been complied with, and prays damages for the non-performance.

*In synallagmatic agreements, the dissolving condition is always understood. But it must be sued for at law, and delay may be allowed the defendant according to circumstances, and after he is en demeure.*

An attorney appointed for the defendant, who is a non resident of the state, pleaded several exceptions, which the court of the first instance sustained, but which on appeal were overruled in this, and the cause remanded for trial on its merits.   *Vol.* 1, 372.

2ns605
107   393

2NS    605
f119    60

On the return of the parties to the district court, the defendant pleaded that since the last continuance, the books, the value of which were sought to be recovered by the plaintiff, had arrived in this city, and had been tendered to him, completely bound in the manner he had directed.   The answer concluded, that the plaintiff might be decreed to receive the books and pay the sum of one hundred and seventeen dollars 50-100, the cost of binding.

East'n District.
June, 1824.

TURNER
vs.
COLLINS.

The judge of the first instance was of opinion, that there having been a tender of the books, the plaintiff was bound to receive them, and that not having proved that he had sustained damages by the non-delivery, he could not recover any. The plaintiff appealed.

We are of opinion the district judge did not err. The contract for a breach, of which this action is brought, was a synallagmatic one. The defendant was to have the books bound, according to the stipulation contained in the agreement. The plaintiff was to pay the price.

In agreements of this description, the dissolving condition is always understood, in case either of the parties fail to comply with their engagement ; and the party in regard to whom the contract has not been executed, has the choice either to compel the other to the execution of the agreement, if it be possible, or to require its dissolution, with damages, *Civil Code* 275, *art.* 84.

Such are the formal and express provisions of our law, and so far they support the action which the appellant instituted, but the same authority, in the page and article already cited, tempers the severity of the provision just quo-

ted ; and declares that the dissolution must be sued for at law, and that the defendant may be allowed delay according to circumstances.

This delay, the circumstances of this case would have well authorised the judge to accord, if asked for in the first instance. The neglect of the defendant to do so, is fully accounted for and excused by the fact, that the answer was put in by an attorney appointed by the court to defend him ; and that immediately after the decision of this tribunal, on the exceptions filed by that attorney, a tender was made. The judgment of the court has in our opinion done justice, and is fully supported by the law which authorises a delay to be granted for the performance of the obligation, even after the debtor is *en demeure. See also Domat, liv.* 1, *tit.* I, *sect.* 4, *no.* 18. *Pothier, traite des obligations, no,* 636. *Toullier, Droit civil francais, vol.* 6, *liv.* 3, *tit.* 3, *chap.* 4, *no.* 580.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be confirmed, and that the appellant pay the costs of this appeal.

*Preston* for the plaintiff, *Morse* for the defendant.